REGAN, Judge.
The plaintiffs, Mr. and Mrs. Dominick Saragusa, instituted this suit against the defendant, C. W. Fryant, endeavoring to recover the sum of $57,018.36, representing the amount of their combined claims for personal injuries, property damage, medical expenses, loss of earnings and other incidental expenses resulting from a collision on October 2, 1953, at about 5 :30 P.M. in the intersection of Canal and St. Patrick Streets between two vehicles operated respectively by Mrs. Saragusa and the defendant.
The defendant answered and denied that he was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of Mrs. Saragusa.
From a judgment in favor of defendant dismissing plaintiff’s suit, they have prosecuted this appeal.
The defendant, accompanied by his wife [1], related that he was driving in the left lane of the outbound roadway of Canal Street or towards the lake and approaching the intersection of St. Patrick Street, when he noticed the Saragusa automobile in the neutral ground moving very slowly and believed from all of its external manifestations that it was going to stop. Traffic was very heavy at that hour of the evening — cars were ahead of him, to his rear, to his side and he was driving at the same pace as the other vehicles. He momentarily shifted his eyes from the Saragusa car to the traffic ahead and almost simultaneously his vehicle was struck from the left side by the plaintiff’s automobile. After the impact his car moved approximately one hundred feet from the situs of the collision where it stopped.
Mrs. Saragusa, prior to the accident, asserted that she had been driving in the inbound roadway of Canal Street or towards the river and had just completed a left turn into the neutral ground zone which separates the two roadways of Canal Street at *707 St. Patrick Street and was facing the outbound roadway of Canal Street. The evidence is conflicting as to whether at the moment of the accident, Mrs. Saragusa’s car was stopped entirely within the neutral ground, slightly protruding into the lake or outbound roadway of Canal Street or was moving slowly forward. She was alone in her vehicle when the accident occurred.
In any event the two cars collided near the downtown river corner of the neutral ground. The car operated by Mrs. Saragusa came to a stop a little beyond the center of the intersection. Both cars were severely damaged in the accident and Mrs. Saragusa received physical injuries as a result thereof. There was no reconventional demand filed on behalf of the defendant for the reason that his damages were paid in full by the plaintiffs’ insurer.
Plaintiffs contend that the defendant exemplified the grossest negligence in driving at an excessive speed in heavy traffic and that he possessed the last clear chance tp avoid the accident.
Defendant, on the other hand, denies that he was at fault and avers that Mrs. Sara-gusa was guilty of negligence in permitting her car to roll forward into the left side of his vehicle instead of bringing it to a complete stop in the neutral ground and thus permit traffic moving in Canal Street to pass in safety.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge; a qua, obviously accepted defendant’s version thereof, and concluded that the proximate cause of the accident was Mrs. Saragusa’s negligence in permitting her car to continue its forward movement instead of bringing it to a complete stop in the neutral ground and thus permit traffic moving in Canal Street to pass in safety.
The only question which this appeal has posed for our consideration is whether that finding is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by again indulging in a discussion of the foregoing testimony or by endeavoring to reconcile the respective litigant’s version of the manner in which the accident occurred. The trial judge accepted the defendant’s yersion thereof and our analysis of the record convinces us that the .evidence preponderates in favor of the defendant to the effect that Mrs. Saragusa permitted her automobile to slowly roll into the side of defendant’s vehicle and the judgment is, therefore, correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.

. Mrs. Fryant only knew that an accident had occurred after she felt the impact of the collision.